UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT LOUIS DOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-8 PS |
| | ) | |
| GARY POLICE DEPARTMENT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

On February 8, 2005, Plaintiff Robert Louis Dove was arrested by police officers employed by the Gary Police Department and other agencies. He was taken to the Lake County Jail, where, he alleges, officers confiscated a considerable amount of his property, which was never returned to him. He also asserts that "to add insult to injury I lost my 13 year old son and I was devorsed (sic) because of their actions" [DE 1 at 3]. Subsequently, Dove was found not guilty of the charges against him and released from custody in 2006.

Pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  In *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation.  In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.* at 2200.  In an effort to reconcile *Twombly* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**.**

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation marks and citations omitted).

Dove brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004).  To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United

States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law." *Hardin v. Straub*, 490 U.S. 536, 538 (1989); *see also  Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir.2001) (because section 1983 does not contain an express statute of limitations, federal courts use the forum state's statute of limitations for personal injury claims).  "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues.  I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1)); *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2000); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983").  The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Comm's. Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

Dove has pled himself out of court. He signed his complaint on January 3, 2012, so the court will treat any events occurring before January 3, 2010, as beyond the statute of limitations. *See Houston v. Lack*, 487 U.S. 266 (1988).   According to the complaint, the events Dove complains of occurred in 2005 and 2006 [DE 1 at 3-4].  Accordingly, all of the events Dove presents in his complaint are well beyond the statute of limitations.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**.

ENTERED: April 12, 2012

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
